| | |
|---|---|
| Kellie Lerner (*pro hac vice*)<br>Ben Steinberg (*pro hac vice*)<br>Lily Fagin (*pro hac vice*)<br>**SHINDER CANTOR LERNER LLP**<br>14 Penn Plaza, Suite 1900<br>New York, NY 10122<br>(646) 960-8601<br>kellie@scl-llp.com<br>benjamin@scl-llp.com<br>lfagin@scl-llp.com<br><br>Brian D. Caplan<br>Julie Wlodinguer (*pro hac vice*)<br>**REITLER KAILAS & ROSENBLATT LLP**<br>885 Third Avenue, 20th Floor<br>New York, NY 10022<br>(212) 209-3050<br>bcaplan@reitlerlaw.com<br>jwlodinguer@reitlerlaw.com<br><br>*Attorneys for Plaintiff LyricFind, Inc.*<br>*Additional Counsel Listed on Signature Page* | Matthew L. McGinnis (*pro hac vice*)<br>**ROPES & GRAY LLP**<br>800 Boylston Street<br>Boston, MA 02199<br>(617) 951-7567<br>matthew.mcginnis@ropesgray.com<br><br>*Attorneys for Defendant Musixmatch S.p.A.*<br>*Additional Counsel Listed on Signature Page*<br><br>Erica Weisgerber (*pro hac vice*)<br>Michael Schaper (*pro hac vice*)<br>Adam Saunders (*pro hac vice*)<br>**DEBEVOISE & PLIMPTON LLP**<br>66 Hudson Boulevard<br>New York, NY 10001<br>(212) 909-6000<br>eweisgerber@debevoise.com<br>mschaper@debevoise.com<br>asaunders@debevoise.com<br><br>Josh A. Cohen (SBN: 217853)<br>**DEBEVOISE & PLIMPTON LLP**<br>650 California Street<br>San Francisco, CA 94108<br>(415) 738-5704<br>jacohen@debevoise.com<br><br>*Attorneys for Defendant TPG Global, LLC* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LYRICFIND, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MUSIXMATCH S.P.A. and<br>TPG GLOBAL, LLC,<br><br>　　　　　　　Defendants. | Case No. 3:25-cv-02265-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hon. Jacqueline Scott Corley<br><br>Date: October 22, 2025<br>Time: 2:00 pm PST<br>Location: Zoom webinar |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California for Contents of Joint Case Management Statement, and the Civil Standing Order for District Judge Jacqueline Scott Corley, Plaintiff LyricFind, Inc. ("LyricFind") and Defendants Musixmatch S.p.A. ("Musixmatch") and TPG Global, LLC ("TPG") (together with Musixmatch, "Defendants") (collectively with LyricFind, the "Parties") jointly submit this JOINT CASE MANAGEMENT STATEMENT.

### I.   Jurisdiction

On September 3, 2025, the Court denied Musixmatch's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). Order re: Mots. To Dismiss ("MTD Order") at 15, ECF No. 68.

### II.   Motions

#### A.   Defendants' Rule 12(b)(6) Motions to Dismiss

On September 3, 2025, the Court granted in part and denied in part Musixmatch's and TPG's motions to dismiss under Rule 12(b)(6). *Id.* at 44. The Court declined to dismiss LyricFind's claims for unlawful restraint of trade under Section 1 of the Sherman Act; monopolization, attempted monopolization, and monopoly leveraging under Section 2 of the Sherman Act; violation of California's Cartwright Act and Unfair Competition Law; and intentional interference with prospective economic advantage. *Id.* The Court dismissed, with leave to amend, LyricFind's claims for conspiracy to monopolize, breach of contract, and negligent interference with prospective economic advantage. *Id.* The Court permitted LyricFind to file an amended complaint by September 30, 2025. *Id.* at 44.

#### B.   LyricFind's Pending Motion for Leave to Amend

LyricFind filed its First Amended Complaint ("FAC") on September 30, 2025. ECF No. 74. Concurrently therewith, in the interest of prudence, LyricFind also filed a motion for leave to include in the FAC certain amendments that were not expressly addressed in the MTD Order. *See* LyricFind's Mot. for Leave to File First Am. Compl., ECF No. 73. Defendants did not file oppositions to LyricFind's motion for leave.

#### C.   Pending Motions to Seal

LyricFind redacted on the public docket two paragraphs of the FAC that describe information that Defendants allegedly disclosed to Spotify in breach of the Parties' Non-Disclosure Agreement.

ECF No. 74 at ¶¶ 259–60. The Parties dispute whether this redacted information, and descriptions of it in other filings, should be maintained under seal. The Parties have exchanged the following briefs on this issue:

On September 30, 2025, LyricFind moved to file under seal paragraphs 259 and 260 of the FAC, ECF No. 72, citing the Court's authorization at the August 21, 2025 hearing that "in an amended complaint, you can seal that [information]. You can seal it." Tr. of the Mots. to Dismiss Before the Hon. Jacqueline Scott Corley ("Tr.") at. at 72:15-16.  Defendants opposed LyricFind's sealing motion on October 6, 2025, noting that the information LyricFind is seeking to seal is not "confidential" (indeed, LyricFind has requested the Court seal a social media post), it is not proprietary, and in any event, it is not appropriate for sealing under binding Ninth Circuit precedent. ECF No. 76. Although Defendants do not agree that any information merits sealing, they moved under L.R. 79-5(f) to seal their opposition papers that referenced the redacted information in the FAC until the Court rules on LyricFind's motion. ECF No. 75. LyricFind filed a responsive Statement on October 14, 2025 requesting that Defendants' references to the redacted information in the FAC be maintained under seal. ECF No. 81.

**III.     Amended Pleadings**

As noted above, LyricFind filed its FAC on September 30, 2025. ECF No. 74. Defendants filed their Answers to the FAC on October 14, 2025. ECF Nos. 78 and 79. The below chart summarizes the changes between the original Complaint and the FAC.

| Amendment | Causes of Action in Initial Complaint | Causes of Action in FAC |
|---|---|---|
| Removing Conspiracy to Monopolize Claims | 4, 7 | Removed |
| Removing Negligent Interference Claim | 12 | Removed |
| Removing Clayton Act Claim | 8 | Removed |
| Amending Existing Claim for Breach of Contract | 13 | 10 |
| Adding TPG to Existing Section 2 Claims | 2, 3, 5, 6 | 2, 3, 4, 6 |
| Adding Claim for *Actual* Monopolization of Lyric Rights Sublicensing Submarket | Not Asserted | 5 |

### IV. Discovery

Discovery opened for all purposes following the Court's resolution of Defendants' motions to dismiss on September 3, 2025. *See* MTD Order at 44 ("Discovery is not stayed."). LyricFind served its First Set of Requests for the Production of Documents ("RFPs") on Musixmatch on September 5, 2025. Musixmatch served its Responses and Objections to LyricFind's First Set of RFPs on October 6, 2025. LyricFind and Musixmatch are scheduled to meet and confer on Thursday, October 16, 2025.

LyricFind served its First Set of RFPs on TPG on September 12, 2025. TPG served its Responses and Objections to LyricFind's First Set of RFPs on October 14, 2025.

Defendants served their First Set of RFPs on LyricFind on October 3, 2025.

#### A. Proposed Discovery and Case Schedule

The Court has not yet set a discovery or case schedule. The Parties propose separate schedules for the Court's consideration which are set forth side-by-side in the table that follows the Parties' statements below.

*LyricFind's Position.* LyricFind requests that the Court adopt its proposed discovery and case schedule, which is designed to ensure an efficient and judicious resolution of this matter without needlessly delaying the case like Defendants propose. LyricFind proposes a fact discovery period of eight months, with a trial date in April 2027. This schedule balances the need for thorough discovery

with LyricFind's interest in timely adjudicating Defendants' conduct, which has imperiled LyricFind's business and will continue to harm LyricFind until it is addressed. LyricFind has sought to compromise with Defendants by extending its initial proposed fact-discovery period from six to eight months. Defendants, in contrast, have not made any reciprocal compromises regarding the case schedule.

Defendants' proposed scheduled is unnecessarily protracted and should be rejected. Defendants propose a 15-month fact discovery schedule, with a fact-discovery cutoff in December 2026, *over a year from now*, and a trial date in February 2028, *two-and-a-half years from now*. These drawn-out proposals are not commensurate with the needs of the case and appear designed to artificially delay this litigation so that Defendants can continue to restrain competition unabated. Indeed, Defendants admit they seek to prolong fact discovery until December 2026 not because *current* discovery will take that long, but because they intend to pursue a second wave of discovery later next year based on their theory that there may be new developments in the future. Defendants' waiting game is neither proper nor a basis to delay the case schedule. If it were, every antitrust case would involve perpetual discovery delays to account for potential changes in market conditions. To avoid such open-ended discovery, antitrust analysis focuses on the periods *before* and *during* ongoing conduct; here, the period before Musixmatch entered the Exclusive in March 2024, and the Exclusive period that has existed since. *See, e.g., Arista Networks, Inc. v. Cisco Sys.*, No. 16-cv-00923-BLF, 2018 U.S. Dist. LEXIS 228820, *33 (N.D. Cal. June 15, 2018) (approving analysis comparing plaintiff's "customer acquisitions before and during the 'conduct period'"). This case should not be delayed based on Defendants' unsupported theories that new evidence might emerge a year from now.

That certain witnesses are based in Europe similarly does not justify Defendants' proposed case schedule. Musixmatch's purported need to obtain GDPR consents from its European employees should not be time consuming and is not a basis to impede discovery. *See Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 2:22-cv-00126-JRG-RSP, 2022 U.S. Dist. LEXIS 135245 (E.D. Tex. July 29, 2022) (collecting cases holding that "the GDPR does not excuse a party from its discovery obligations.") And to the extent the Parties must rely on the Hague Convention or other European processes to take discovery from a few third parties, those processes can usually be completed within a matter of months, well-within the eight-month fact discovery period that LyricFind has proposed. Should these processes

unexpectedly take longer, LyricFind will agree to reasonable extensions of the case schedule to account for unanticipated delays.

In sum, LyricFind submits that its proposed eight-month fact-discovery schedule and April 2027 trial date strike the proper balance between efficiency and thoroughness, ensuring this matter proceeds toward resolution without undue delay. In contrast, Defendants' proposed 15-month discovery period and February 2028 trial date would unfairly prolong this litigation and lock in their anticompetitive conduct. Contrary to Defendants' characterization below, fact discovery is well underway. LyricFind served its first discovery requests on September 12, 2025, just nine days after the Court's September 3, 2025 order opening discovery; both Defendants have served responses and objections; and the Parties are scheduled to meet and confer on October 16, 2025. *See supra* § IV. A fact-discovery cutoff in May 2026 is practical and reflects a fair compromise of the Parties' interests.

***Defendants' Position.***  LyricFind proposes a fact discovery cutoff just over six months after the October 22, 2025 conference.  Rather than a "compromise" offer, this proposal is the same abbreviated discovery period originally demanded because LyricFind waited until September 12, 2025 to serve any discovery requests, even though the Court had permitted LyricFind to serve discovery requests four months earlier at the June 10, 2025 case management conference.  Among other things, those discovery requests seek "all documents" related to every single publisher and customer agreement for a period of *fifteen years*.

Adhering to LyricFind's expedited case schedule would, as a practical matter, deprive the parties of needed discovery.  It also would not adequately account for the time required to complete party and non-party discovery from multiple relevant entities outside of the United States.  For these reasons, the Court should instead adopt Defendants' proposal, which establishes a December 2026 fact discovery cutoff.

*First*, LyricFind's proposed schedule is unworkable as a practical matter.  LyricFind itself asserts that expanded interrogatories and deposition hours are necessary because this is a "complex antitrust case involving two defendants, ten causes of action, and various third-party witnesses."  This same logic necessitates adequate time to complete discovery.  The majority Musixmatch's likely custodians—employees of an Italian Company—reside in continental Europe or the United Kingdom

and are thus subject to the General Data Protection Regulation ("GDPR") of the European Union or the United Kingdom. Once the parties reach an agreement on custodians, Musixmatch will need to take additional steps and obtain additional GDPR consents before even beginning to collect and produce documents. Under LyricFind's proposal, Defendants would need to substantially complete these productions by February 3 – an unrealistic deadline given that the parties have only just begun to meet and confer regarding LyricFind's first set of 51 document requests to Musixmatch, which seek documents stretching back to 2010, fourteen-years before the alleged agreement and the same year Musixmatch was founded, and 54 separate document requests served on TPG.

Moreover, many third parties identified in LyricFind's Complaint – including Spotify, Deezer, and BMG Rights Management – also reside in Europe. Obtaining documents and testimony from these entities will require compliance with the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters.[1] For example, to obtain discovery from Sweden-based Spotify employees, the Court must issue a letter of request to the Swedish Ministry of Justice, which would then refer it to a Swedish court to evaluate the request and determine whether to compel compliance.[2] Similar procedures would also be required for fellow digital service providers, such as the France-based Deezer[3] and Germany-based BMG Rights Management.[4] In practice, compliance with these procedures can take several months. *See* HCCH, Germany - Central Authority (Art. 2, 24) and practical information (noting "Time for execution" of "Approximately 6 months"); HCCH, France - Central Authority (Art. 2) and practical information (noting "Time for execution" of "Between 2 and 6 months, approximately"). LyricFind's proposed schedule does not provide sufficient time to serve such subpoenas, let alone obtain compliance or depose these third-party witnesses.

*Finally*, Musixmatch understands that LyricFind anticipates being authorized to distribute Warner Chappell Music ("WCM") lyrics beginning in Spring 2026. This confirms the short-term nature

---

[1] *See* HCCH, Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/full-text/?cid=82.

[2] HCCH, Sweden - Central Authority (Art. 2) and practical information, https://www.hcch.net/index.cfm?oldlang=en&act=authorities.details&aid=522.

[3] HCCH, France - Central Authority (Art. 2) and practical information, https://www.hcch.net/index.cfm?oldlang=en&act=authorities.details&aid=500.

[4] HCCH, Germany - Central Authority (Art. 2, 24) and practical information, https://www.hcch.net/index.cfm?oldlang=en&act=authorities.details&aid=501.

of the alleged Musixmatch exclusivity over WCM lyrics distribution and the absence of the substantial foreclosure required to establish an antitrust violation. It also directly contradicts LyricFind's claim it ever faced total exclusion from the marketplace, and will be relevant to whether LyricFind's alleged damages and lost profits stem from the challenged exclusive agreement or from other causes, including, for example, its own poor performance and quality of service. LyricFind's proposed schedule fails to provide sufficient time for discovery into these issues. Defendants' proposed schedule would allow at least six months of such data to accrue and provide sufficient time for LyricFind to produce the information and for Defendants to seek related testimony.

      In short, the schedule must reflect the complexity and international scope of this case. Defendants' proposal set forth below provides the necessary time for discovery to proceed in a fair and practical manner.

| Event | LyricFind's Proposal | Defendants' Proposal |
|---|---|---|
| Order on Defendants' Motions to Dismiss | September 3, 2025 | September 3, 2025 |
| Substantial completion of document productions | February 3, 2026 | September 3, 2026 |
| Deadline to file amended pleadings | March 31, 2026 | November 2, 2026 |
| Fact discovery cutoff | May 4, 2026 | December 4, 2026 |
| Parties serve opening expert reports | June 4, 2026 | January 18, 2027 |
| Parties serve opposing/rebuttal expert reports | July 13, 2026 | February 22, 2027 |
| Parties serve reply expert reports | August 13, 2026 | March 22, 2027 |
| Expert discovery cutoff | September 1, 2026 | April 23, 2027 |
| Summary judgment and *Daubert* motions | October 1, 2026 | June 4, 2027 |
| Summary judgment and *Daubert* oppositions | November 12, 2026 | August 6, 2027 |
| Summary judgment and *Daubert* replies | December 10, 2026 | September 10, 2027 |
| Final pretrial conference | March 22, 2027 | January 20, 2028 |
| Trial | April 22, 2027 | February 22, 2028 |

B. **Discovery Limits**

*LyricFind's Position.* As proposed in the previous Joint Case Management Statement, ECF No. 51, and as set forth in the chart below, LyricFind requests that the Court grant modest expansions to the amount of deposition time and number of interrogatories allowed in this action, as is typical in complex, multi-party antitrust litigation of this type. *See, e.g., In re Cal. Gasoline Spot Mkt. Antitrust Litig.*, No. 3:20-cv-03131-JSC (N.D. Cal. Oct. 28, 2021) (available at ECF No. 361) (Corley, J.) (permitting 50 interrogatories per side and 140 hours of depositions on defendants, with no cap on third-party depositions). This is a complex antitrust case involving two defendants, ten causes of action, and various third-party witnesses. To account for anticipated discovery needs, LyricFind proposes that each side be permitted 50 interrogatories; LyricFind have 120 hours of deposition time on Defendants collectively; Defendants have 80 hours of deposition time on LyricFind; and there be no cap on third-party depositions. LyricFind should be permitted more deposition time than Defendants (120 hours vs.

80 hours) because LyricFind must depose witnesses from two Defendants, whereas Defendants need only depose witnesses from one Plaintiff. LyricFind's proposals are set forth in the below chart.

*Defendants' Position.* Defendants are willing to agree to modest, reciprocal expansions of the discovery limits provided that they are equally calibrated. LyricFind has brought this competitor lawsuit alleging sweeping claims concerning the global marketplace for Lyrics Rights Licensing and Lyric Data Services. Having initiated this dispute, LyricFind should not be permitted to wield antitrust discovery as a one-sided burden imposed solely on its rival. LyricFind's own relationships with DSPs and publishers, the quality of its services and pricing, and the scope of competition it faces are just as much at issue as they are for Musixmatch. There is accordingly no basis for LyricFind to insist that its discovery burdens be significantly reduced. Accordingly, Defendants propose a modest expansion of interrogatories that may be served, as well as a limit of 120 hours of deposition time for Defendants and 120 hours for LyricFind.

| **Discovery Type** | **LyricFind's Proposed Limit** | **Defendants' Proposed Limit** |
|---|---|---|
| Interrogatories | Each side may serve 50 interrogatories on the other side. | Each side may serve 25 interrogatories on the other side. |
| Fact depositions of Defendants | LyricFind may take 120 hours of depositions of Defendants, inclusive of Rule 30(b)(6) depositions. | LyricFind may take 120 hours of depositions of all Defendants, inclusive of Rule 30(b)(6) depositions, subject to a seven-hour limit per deposition. |
| Fact depositions of LyricFind | Defendants may take 80 hours of depositions of LyricFind, inclusive of Rule 30(b)(6) depositions. | Defendants may take 120 hours of depositions of LyricFind, inclusive of Rule 30(b)(6) depositions, subject to a seven-hour limit per deposition. |
| Fact depositions of third parties | No limit. | No limit. |

### C. Protective Order and ESI Protocol

The Parties have reached agreement on a proposed Stipulated Protective Order, which they will submit to the Court in the coming days.

The Parties also have met and conferred regarding the discovery of electronically stored information ("ESI") and are continuing to negotiate the terms of an ESI Protocol. The Parties have made progress in narrowing the areas of disagreement and expect to submit a few discrete issues to the Court under separate cover before the October 22, 2025 case management conference.

### V. Settlement and ADR

There is no mediation or settlement conference scheduled at this time.

Dated: October 15, 2025                                       Respectfully submitted,

| | |
|---|---|
| */s/ Kellie Lerner* | */s/ Matthew L. McGinnis* |
| Kellie Lerner (*pro hac vice*) | Matthew L. McGinnis (*pro hac vice*) |
| Ben Steinberg (*pro hac vice*) | **ROPES & GRAY LLP** |
| Lily Fagin (*pro hac vice*) | 800 Boylston Street |
| **SHINDER CANTOR LERNER LLP** | Boston, MA 02199 |
| 14 Penn Plaza, Suite 1900 | (617) 951-7567 |
| New York, NY 10122 | matthew.mcginnis@ropesgray.com |
| (646) 960-8601 | |
| kellie@scl-llp.com | Rocky Tsai (SBN: 221452) |
| benjamin@scl-llp.com | **ROPES & GRAY LLP** |
| lfagin@scl-llp.com | Three Embarcadero Center |
| | San Francisco, CA 94111 |
| Brian D. Caplan | (415) 315-6358 |
| Julie Wlodinguer (*pro hac vice*) | rocky.tsai@ropesgray.com |
| **REITLER KAILAS & ROSENBLATT LLP** | David A. Young (*pro hac vice*) |
| 885 Third Avenue, 20th Floor | Adam R. Safadi (*pro hac vice*) |
| New York, NY 10022 | **ROPES & GRAY LLP** |
| (212) 209-3050 | 2099 Pennsylvania Avenue NW |
| bcaplan@reitlerlaw.com | Washington, DC 20006 |
| jwlodinguer@reitlerlaw.com | (202) 508-4702 |
| | (202) 508-4717 |
| David C. Brownstein (SBN: 141929) | david.young@ropesgray.com |
| **FARMER BROWNSTEIN JAEGER** | adam.safadi@ropesgray.com |
| **GOLDSTEIN KLEIN & SIEGEL LLP** | |
| 155 Montgomery Street, Suite 301 | *Attorneys for Defendant Musixmatch S.p.A.* |
| (415) 962-2873 | |
| dbrownstein@fbjgk.com | */s/ Erica S. Weisgerber* |
| | Erica S. Weisgerber (*pro hac vice*) |

| | |
|---|---|
| *Attorneys for Plaintiff LyricFind, Inc.* | Michael Schaper (*pro hac vice*)<br>Adam Saunders (*pro hac vice*)<br>**DEBEVOISE & PLIMPTON LLP**<br>66 Hudson Boulevard<br>New York, NY 10001<br>(212) 909-6000<br>eweisgerber@debevoise.com<br>mschaper@debevoise.com<br>asaunders@debevoise.com |
| | Josh A. Cohen (SBN: 217853)<br>**DEBEVOISE & PLIMPTON LLP**<br>650 California Street<br>San Francisco, CA 94108<br>(415) 738-5704<br>jacohen@debevoise.com |
| | *Attorneys for Defendant TPG Global, LLC* |

**[PROPOSED] CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT / JOINT 26(f) REPORT & [PROPOSED] ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____

HON. JACQUELINE SCOTT CORLEY
UNITED STATES DISTRICT JUDGE

**ATTESTATION**

I, Matthew L. McGinnis, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

Dated: October 15, 2025

Respectfully submitted,

*/s/ Matthew L. McGinnis*
Matthew L. McGinnis (*pro hac vice*)
**ROPES & GRAY LLP**
800 Boylston Street
Boston, MA 02199
(617) 951-7567
matthew.mcginnis@ropesgray.com

*Attorney for Defendant Musixmatch S.p.A.*