United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRICFIND, INC.,<br>Plaintiff,<br>v.<br>MUSIXMATCH, S.P.A., et al.,<br>Defendants. | Case No. 25-cv-02265-JSC<br><br>**ORDER RE: MANAGING AGENT DISCOVERY DISPUTE JOINT LETTER**<br><br>Re: Dkt. No. 186, 187-1 |

LyricFind contends Defendants violated United States and California antitrust laws by orchestrating an exclusive agreement between music lyric servicer Musixmatch and music publisher Warner Chappell Music. (Dkt. No. 143 ¶¶ 1, 7, 39.) Pending before the Court is a discovery dispute joint letter regarding LyricFind's 30(b)(1) deposition notice to several Musixmatch European employees. (Dkt. Nos. 186, 187-1.) After carefully considering the parties' written submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES LyricFind's motion to compel.

**DISCUSSION**

"Only a party to litigation may be compelled to give testimony pursuant to a notice of deposition; non-party witnesses must be subpoenaed." *Elasticsearch, Inc. v. floragunn GmbH*, No. 19-cv-05553-YGR(AGT), 2021 WL 1753796, *1 (N.D. Cal. May 4, 2021). A deposition notice, issued pursuant to Federal Rules of Civil Procedure 30(b)(1), may be used to compel the deposition of a party corporation's "officer, director or managing agent." *See id.*; *see also Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 n.4 (9th Cir. 2018) (noting that an exception to the rule that non-parties must be served with a Rule 45 deposition subpoena applies to a party corporation's "officers, directors, and managing agents").

LyricFind seeks to compel by Rule 30(b) notice the depositions of four European Musixmatch employees: Donagh O'Malley, Natalie Williams, Pierpaolo Di Panfilo, and Arianna Fazio. "Foreign nationals who qualify as managing agents of a party may be subject to deposition pursuant to notice." *Int'l Swimming League, Ltd. v. Fed'n Internationale de Natation*, No. 18-CV-07393-JSC, 2021 WL 629493, at *1 (N.D. Cal. Jan. 13, 2021) (cleaned up). LyricFind contends each is a Musixmatch managing agent. Defendants deny any is a managing agent; so, argues Defendants, LyricFind must utilize the Hague Convention procedures to obtain their testimony—a process they will not contest. (Dkt. No. 186 at 7.)

LyricFind, as the party moving to compel the depositions through notice, bears the burden of proving each proposed deponent is a Musixmatch managing agent. *See Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n,* 316 F.R.D. 327, 333 (D. Nev. 2016). The Federal Rules of Civil Procedure do not include a "managing agent" definition; and the Ninth Circuit has not weighed in either. District courts often apply the following factors:

> (1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters;
>
> (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party;
>
> (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination;
>
> (4) the general responsibilities of the individual respecting the matters involved in the litigation.

*Int'l Swimming League*, 2021 WL 629493, at *1.

**Donagh O'Malley and Natalie Williams**. Mr. O'Malley is Musixmatch's Head of Business Development and Ms. Williams is Head of Partnerships. While their titles sound like managing agents, the record does not support that finding. Musixmatch's general counsel's testimony demonstrates these two witnesses do not have power to exercise judgment and discretion in corporate matters. (Dkt. No. 187-3 ¶¶ 3, 4.) Further, Musixmatch's CEO Massimo Ciociola and Co-President Rio Caraeff are in positions of higher authority; indeed, both proposed deponents report to Mr. Caraeff. (*Id.*) The exhibits LyricFind cites do not contradict the

United States District Court
Northern District of California

testimony; instead, they merely show these witnesses may have knowledge of facts relevant to the litigation. But that is not the managing agent test; otherwise, all corporate employees with relevant testimony would be deemed managing agents.

**Pierpaolo Di Panfilo.** Mr. Di Panfilo is Musixmatch's Vice President of Product. Here, too, the record does not support a managing agent finding. Once again, LyricFind shows he may have testimony relevant to an issue in the case, but its cited exhibits do not contradict the testimony showing his lack of authority. And, Mr. Di Panfilo reports to Musixmatch Co-President and Chief Product Officer Marco Paglia.

**Arianna Fazo.** Ms. Fazo is Musixmatch's Head of Royalty Intelligence. She, like Mr. O'Malley and Ms. Williams, reports to Mr. Caraeff. LyricFind has not demonstrated she is a managing agent for the same reasons as the others.

One other observation. Some courts suggest that the burden on the party seeking to establish managing agent status is "modest" and that doubts should be resolved in favor of ordering the deposition. *See, e.g., Nationstar Mortg., LLC,* 316 F.R.D. at 333. The Court is not sure that legal principle should apply when the proposed deponents are foreign nationals. *See Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1474 (9th Cir. 1992). But, even applying that lenient standard, LyricFind has not met its modest burden on this limited record.

**CONCLUSION**

LyricFind's motion to compel is DENIED. The denial is without prejudice to LyricFind renewing its motion if new evidence emerges; for example, depositions of Musixmatch's officers supports managing agent status for any of these proposed deponents. But, if LyricFind wants to ensure these depositions, it should immediately commence the Hague Convention process.

This Order disposes of Docket No. 186.

**IT IS SO ORDERED.**

Dated: October 8, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge