UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LYRICFIND, INC.,
Plaintiff,
v.
MUSIXMATCH, S.P.A., et al.,
Defendants.

Case No. 3:25-cv-02265-JSC

**ORDER RE: SEALING MOTIONS**

Re: Dkt. Nos. 187, 189, 190, 194

Currently pending before the Court are four motions to seal documents related to a pair of discovery disputes between the parties. (*See* Dkt. Nos. 187, 189, 190, 194.)[1]

**LEGAL STANDARD**

There is a right of public access to judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In considering motions to seal, "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). So, parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption of access with "compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178-79 (cleaned up). However, records attached to "nondispositive motions" which are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access and must instead meet a lower "good cause" standard. *See Ctr. for Auto*

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

*Safety*, 809 F.3d at 1098-99.

In addition, under Civil Local Rule 79-5, sealing is only permitted when the parties have established "the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." N.D. Cal. Civ. L.R. 79-5(c)(1); *see also FTC v. Microsoft Corp.*, No. 23-cv02880-JSC, 2023 WL 5186252, at * 2 (N.D. Cal. Aug. 11, 2023) ("[Rule 79-5] supplements the 'compelling reasons' standard."). Civil Local Rule 79-5 also requires the parties to "narrowly tailor[]" their requests only to the sealable material. N.D. Cal. Civ. L.R. at 79-5(c)(3). Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear").

**DISCUSSION**

Because the sealing requests involve "records attached to non-dispositive motions," *Kamakana*, 447 F.3d at 1179, and are "only tangentially related [] to the merits of [the] case" involving the availability of witnesses for deposition and records for production, the lower "good cause" standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1098-99. Under the higher "compelling reasons" standard, a greater showing of injury would be required for the parties to seal much of this material.

**I. 30(B)(1) DISCOVERY DISPUTE**

Defendant seeks to seal "portions of the Joint Statement, the Exhibits, and [Aman Khullar's] September 25 Declaration that reflect confidential commercial information of Musixmatch or its business partners. . . ." (Dkt. No. 189-4 ¶ 4.) Defendant asserts this information is "confidential information" that, if released, "would cause [] competitive harm to Musixmatch and its partners." (*Id.* ¶ 5.)

| Document | Dkt. No. | Portion(s) Requested | Ruling |
|---|---|---|---|
| Joint Discovery Letter | 187-1 | Redacted portions in paragraphs 5-8 | GRANTED. These portions rely on information from sealed exhibits. |

| | | | |
|---|---|---|---|
| Joint Discovery Letter | 187-1 | Redacted portions in paragraphs 14-15 | DENIED. These portions rely on the Khullar Declaration, which, as discussed below, the Court is denying the sealing request. |
| Exhibit 1 | 187-2 at 3 | Entire Document | GRANTED. |
| Exhibit 2 | 187-2 at 4 | Entire Document | GRANTED. |
| Exhibit 3 | 187-2 at 5-6 | Entire Document | GRANTED. |
| Exhibit 4 | 187-2 at 7 | Entire Document | GRANTED. |
| Exhibit 5 | 187-2 at 8 | Entire Document | DENIED. The existence of a relationship between Musixmatch and Warner Chappell Music is already disclosed in the publicly filed Second Amended Complaint. (*See, e.g.*, Dkt. No. 158 ¶¶ 22, 41, 80-81.) |
| Exhibit 6 | 187-2 at 9 | Entire Document | GRANTED. |
| Exhibit 7 | 187-2 at 10 | Entire Document | GRANTED. |
| Exhibit 8 | 187-2 at 11 | Entire Document | GRANTED. |
| Exhibit 9 | 187-2 at 12 | Entire Document | GRANTED. |
| Declaration of Aman Khullar | 187-3 | Redacted portions in paragraphs 3-6 | DENIED. While Defendant asserts "[d]isclosure would give competitors insight into how Musixmatch structures and staffs its business, and would implicate the privacy interests of the individual employees," (Dkt. No. 189-4 ¶ 7), generic descriptions of their job responsibilities and ability to enter into contracts on behalf of Defendant does not implicate "privacy interests." |

So, the parties' motions to file under seal are PARTIALLY GRANTED and PARTIALLY DENIED.

## II. ADAM PARNESS DISCOVERY DISPUTE

Defendant moved to seal portions of the parties' joint case management statement relating to a discovery dispute over whether communications with Adam Parness, an advisor to LyricFind, were protected by privilege. (Dkt. No. 190-1.) The parties subsequently filed this omnibus stipulation with slightly narrowed sealing requests. (Dkt. No. 194.)

Plaintiff argues the sealing requests meet the compelling reasons standard because it involves information "about compensation paid to Mr. Adam Parness and confidential assessments of LyricFind's personnel and business planning" such that publishing the information

United States District Court
Northern District of California

would harm both LyricFind and Mr. Parness in future negotiations. (Dkt. No. 194-2 ¶¶ 3, 6-8.)

The Court agrees. Even when applying the higher "compelling reasons" standard rather than the "good cause" standard, Courts regularly seal portions of documents disclosing salary information, especially when it pertains to third-party employees. *See, e.g.*, *United States ex rel. Cheongsiatmoy v. Univ. of S. California*, No. 2:18-cv-08311-WLH (ASx), 2024 WL 4472271, at *2 (C.D. Cal. July 23, 2024); *WCDS Buer, Inc. v. Sohrab*, No. 8:24-cv-02523-FWS-KES, 2024 WL 5480477, at *3 (C.D. Cal. Dec. 26, 2024); *East West Bank v. Shanker*, No. 20-cv-07364-WHO, 2021 WL 3112452, at *17 (N.D. Cal. July 22, 2021). And personnel planning decisions are the type of "confidential business information" that meets the "good cause" standard. *See Jam Cellars, Inc. v. Wine Group LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *1 (N.D. Cal. Sept. 17, 2020) ("Courts have found that confidential business information in the form of . . . financial terms . . . and business strategies satisfies the 'compelling reasons' standard." (cleaned up)).

So, the Court GRANTS the motion to file "portions in paragraph 1 of LyricFind's Position and footnote 1 on page 3" of Docket No. 190 under seal.

This Order disposes of Docket Nos. 187, 189, 190, 194.

**IT IS SO ORDERED.**

Dated: October 27, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge